IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARETINA PAPAGIANNOPOULOUS as trustee of the JOHN GALANIS REALTY REVOCABLE TRUST and the EVA GALANIS REVOCABLE TRUST, <br><br> Defendants. | Civil Action No. 8:22-cv-02314-LKG <br><br> Dated: July 27, 2023 |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

In this declaratory judgment action and insurance dispute, Plaintiff, Travelers Casualty Insurance Company of America ("Travelers"), seeks a declaration that the appraisers selected by Defendants, Aretina Papagiannopoulous in the capacity as the Trustee for Galanis Realty Revocable Trust and The Eva Galanis Revocable Trust, are not qualified to serve as appraisers and an order directing Defendants to appoint competent appraisers, pursuant to 28 U.S.C. § 2201.  *See* ECF No. 1.  Defendants have moved to dismiss this matter for lack of proper venue, pursuant to Fed. R. Civ. P. 12(b)(3).  ECF No. 20.  Defendants have also moved to compel appraisal and to stay this matter pending an appraisal award.  ECF No. 19.  In addition, Defendants have moved to disqualify Travelers' named appraiser.  ECF No. 37.

Defendants' motions to dismiss and to compel appraisal are fully briefed.  *See* ECF Nos. 19-1; 20-1; 25; 26; 29; 30.  No hearing is necessary to resolve the pending motions.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court: (1) **GRANTS** Defendants' motion to compel arbitration (ECF No. 19); (2) **GRANTS** Defendants' motion to dismiss (ECF No. 20); (3)

**DENIES-as-MOOT** Defendants' motion to disqualify Travelers' named appraiser (ECF No. 37); and (4) **DISMISSES** the amended complaint.

II.     **FACTUAL AND PROCEDURAL BACKGROUND**[*]

     A.     **Factual Background**

This declaratory judgment action arises from a disagreement between the parties concerning their rights and obligations under an insurance policy that insures a commercial property located in Gaithersburg, Maryland.  ECF Nos. 4; 19.  In the amended complaint, Travelers seeks a declaration that the appraisers selected by Defendants are not qualified to serve as appraisers and an order directing Defendants to appoint competent appraisers, pursuant to 28 U.S.C. § 2201.  *See* ECF No. 1.

Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  *See* ECF No. 4 at 2.

Defendant, Aretina Papagiannopoulous, is the Trustee for Galanis Realty Revocable Trust ("Galanis"), which is a trust formed under the laws of the State of Maryland.  *Id*.

As background, Galanis has an insurable interest in certain real property located at 8 East Diamond Ave, Gaithersburg, Maryland, which is improved with a commercial building (the "Property").  *Id*.  The Property is insured by an insurance policy issued by Travelers (the "Policy").  Compl. ¶ 2.

On October 7, 2021, a fire occurred at the Property, which resulted in damage to the Property.  *See* Pl. Ex. 14; *see also* Compl. ¶ 10.  Thereafter, Ms. Papagiannopoulous filed a claim under the policy on behalf of Galanis with Travelers for payment of the loss and damage to the Property resulting from the fire.  *See* Compl. ¶ 11; Ex. 14.

In connection with this insurance claim, Galanis retained Jay Reese, an appraiser from Atlantic Estimating, LLC, to provide an estimate of the damages to the Property.  ECF No. 4 at 3.  Travelers also retained its own estimator, Patrick Wilner, who works for First on Site.  ECF

---

[*] The facts recited in this Memorandum Opinion and Order are taken from the complaint and amended complaint (ECF Nos. 1; 4); Defendant's motion to dismiss and memorandum in support thereof (ECF No. 20); and Defendant's motion to compel and memorandum in support thereof.  ECF No. 19.

No. 19-1 at 3. On October 28, 2021, the two appraisers conducted a site inspection at the Property and agreed on various scope items during this inspection. *Id.*

In this regard, Travelers alleges that Mr. Reese and Mr. Wilner agreed that the estimate of loss would be prepared using the Xactimate Insurance Adjusting software. *Id.* After the Xactimate file was sent to Mr. Wilner, Travelers sent an estimate to Galanis which was prepared by its insurance adjuster. *Id.*

On March 3, 2022, Galanis made a written demand for appraisal and named Mr. Reese as its appraiser. ECF No. 19-1 at 5. Thereafter, Travelers declined to name its own appraiser, because it believed that Mr. Reese was not an impartial appraiser, because he "is already involved with this claim, having written Goodman-Gable-Gould's estimate for this loss." *Id.* And so, on July 27, 2022, Galanis named a second appraiser, Mr. Edwin Cameron, who also works for Atlantic Estimating, LLC. *Id.* at 6.

Travelers also objected to Mr. Cameron serving as Galanis' appraiser because he works for Atlantic Estimating, which is a sister company to the public adjuster. *Id.* Galanis disputes that Mr. Cameron is not an impartial appraiser. *Id.*

The Policy

Several provisions of the insurance policy for the Property are relevant to this dispute. First, the Policy contains an appraisal provision. This provision provides, in relevant part, that:

> If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

ECF No. 19-4 at 41. The Policy also contains a provision on covered loss which provides that:

> Travelers will pay for covered loss or damage within 30 days after we receive the sworn proof of loss provided you have complied with all of the terms of this policy; and (1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made.

3

*Id*. at 41.

To date, the parties have not conducted the appraisal for the Property.  ECF Nos. 4; 19.  As relief, Travelers seeks a declaratory judgment disqualifying Mr. Reese and Mr. Cameron from serving as Galanis's appraisers for the Property.  ECF No. 4 at 4.

**B.  Procedural Background**

Travelers commenced this action on September 13, 2022.  *See* ECF No. 1.  On September 16, 2022, Travelers filed an amended complaint.  *See* ECF. No. 4.

On November 11, 2022, Defendant filed a motion to compel appraisal and to stay the action pending appraisal award, and a motion to dismiss for improper venue.  *See* ECF Nos. 19; 20.  On December 13, 2022, Plaintiff filed a response in opposition to Defendant's motions to compel appraisal and to dismiss.  *See* ECF Nos. 25; 26.

On January 10, 2023, Defendant filed replies in support of her motions to compel appraisal and to dismiss.  *See* ECF Nos. 29; 30.

Lastly, on June 20, 2023, Defendant filed a motion to disqualify Travelers' named appraiser.  ECF No. 37.

Defendant's motions to dismiss and to compel appraisal (ECF Nos. 19; 20) being fully briefed, the Court resolves these pending motions.

**III.  LEGAL STANDARDS**

**A.  Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case."  *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).

B.  **Appraisals And The Federal Arbitration Act**

This Court has held that, when determining whether an appraisal provision constitutes an enforceable arbitration clause under the FAA, thereby triggering the FAA, "[i]t is . . . irrelevant that the contract language in question does not employ the word 'arbitration' as such. Rather, what is important is [whether] the parties clearly intended to submit some disputes to binding review by a third party." *Liberty Mut. Grp., Inc. v. Wright*, 2012 WL 718857 at *5 (D. Md. Mar. 5, 2012) (quoting *McDonnell Douglas Fin. Corp. v. Pa. Power & Light Co.*, 858 F.2d 825, 830–31 (2d Cir. 1988) (internal quotation marks and brackets omitted)); *see also Omaha v. Omaha Water Co.*, 218 U.S. 180, 194 (1910) (noting that a particular dispute had involved arbitration "though the arbitrators were called appraisers"). Federal courts have also used "differing verbal formulations" to determine whether a particular dispute resolution procedure constitutes "arbitration" under the FAA. *See Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1239 (11th Cir. 2008).

In this regard, courts have considered whether the parties have agreed to submit a dispute to a third party for a decision. *AMF Inc. v. Brunswick Corp.*, 621 F.Supp. 456, 460 (E.D.N.Y. 1985). Other courts have considered how closely the procedure chosen resembles "classic arbitration" and whether enforcing it serves the intuited purposes of Congress. *See Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 6-7 (1st Cir. 2004); *see also Salt Lake Trib. Publ'g Co., LLC v. Mgmt. Plan., Inc.*, 390 F.3d 684, 689-90 (10th Cir. 2004). And so, courts have long recognized that, notwithstanding the distinctions between an appraisal under an insurance policy appraisal clause and arbitration, appraisal is analogous or akin to arbitration. *Liberty Mut. Grp., Inc.,* 2012 WL 718857 at *5-6; *see also Aetna Cas. & Sur. Co. v. Ins. Comm'r*, 293 Md. 409, 445 A.2d 14, 20 (Md. 1982).

Specifically relevant to this dispute, it is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award. *Crim v. Pepperidge Farm, Inc.*, 32 F. Supp. 2d 326, 330 (D. Md. 1999) (observing that pre-award challenges to an arbiter's qualifications would open "floodgates to litigation"); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 n.4 (2d Cir. 1980); *Accord, Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2d Cir. 1984); *see also Marc Rich & Co. v. Transmarine Seaways Corp. of Monrovia*, 443 F. Supp. 386, 387 n.3 (S.D.N.Y. 1978) (same). In addition, "[t]he FAA contains no provision expressly granting Courts the

authority to remove a party-appointed arbitrator prior to the conclusion of the arbitration." *John Hancock Life Ins. Co. (U.S.A.) v. Emps. Reassurance Corp.*, No. 15-CV-13626, 2016 WL 3460316, at *3 (D. Mass. June 21, 2016). And so, "absent extraordinary circumstances under which the Court's equitable powers could be invoked, such as overt misconduct on the part of the arbiter, the remedy available to a party who suspects that an arbiter will be impartial is to seek to vacate the award after it is rendered." *Crim,* 32 F. Supp. 2d at 330-31. [2]

## IV.   LEGAL ANALYSIS

Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(3), upon the ground that this appraisal dispute should be referred to an arbitration panel pursuant to the Federal Arbitration Act. ECF No. 20-1 at 6-8. Defendants have also moved to compel appraisal and to stay this action, pending appraisal award, upon the ground that the Policy requires that Travelers appraise the Property and arbitrate this dispute. ECF No. 10-1 at 9-13.

Travelers counters that the Court should deny Defendants' motions because the appraisers selected by Defendants are implicitly biased. ECF No. 25 at 8. Travelers also argues that the Court should not dismiss this matter, because: (1) motions brought pursuant to Fed. R. Civ. P. 12(b)(3) cannot be used as a vehicle to enforce forum-selection clauses; (2) agreements to arbitrate do not affect this Court's subject-matter jurisdiction; (3) Defendants seek a form of relief that is not available under the FAA; and (4) Defendants have waived their venue argument by opting to litigate this case on the merits. ECF No. 26 at 5.

For the reasons that follow, the Court does not possess subject-matter jurisdiction to consider this dispute, because the parties' appraisal dispute is subject to the FAA. In addition, Travelers' challenge to Defendants' appraiser is premature, because such a challenge cannot be raised until after the parties have completed the appraisal process. And so, for the reasons that

---

[2] The Fourth Circuit has also held that more than the mere appearance of bias is necessary to determine that an appraiser is not impartial. *In Peoples Security Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141 (4th Cir. 1993). Courts have also held that, to establish evident partiality, "the party seeking [relief] has the burden of proving that a 'reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration.'" *Hobet Mining, Inc. v. Int'l Union, United Mine Workers of Am., et al.*, 877 F.Supp. 1011, 1018 (S.D.W.V. 1994) (citations omitted). And so, "arbitrators are not automatically disqualified by a business relationship with the parties before them if both parties are informed of the relationship in advance, or if they are unaware of the facts but the relationship is trivial." *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 150 (1968).

follow, the Court: (1) **GRANTS** Defendants' motion to compel arbitration (ECF No. 19); (2) **GRANTS** Defendants' motion to dismiss (ECF No. 20); (3) **DENIES-as-MOOT** Defendants' motion to disqualify Travelers' named appraiser (ECF No. 37); and (4) **DISMISSES** the amended complaint.

### A. This Appraisal Dispute Is Subject To The FAA

As an initial matter, the Court must dismiss this appraisal dispute for lack of subject-matter jurisdiction because the parties' appraisal dispute is subject to the FAA. This Court has held that, when determining whether an appraisal provision constitutes an enforceable arbitration clause under the FAA, thereby triggering the FAA:

> It is . . . irrelevant that the contract language in question does not employ the word 'arbitration' as such. Rather, what is important is [whether] the parties clearly intended to submit some disputes to binding review by a third party.

*Liberty Mut. Grp., Inc.*, 2012 WL 718857 at *5 (quoting *McDonnell Douglas Fin. Corp.*, 858 F.2d at 830–31 (internal quotation marks and brackets omitted)); *see also Omaha*, 218 U.S. at 194 (noting that a particular dispute had involved arbitration "though the arbitrators were called appraisers"). Federal courts have used "differing verbal formulations" to determine whether a particular dispute resolution procedure constitutes "arbitration" under the FAA. *See Advanced Bodycare Solutions, LLC*, 524 F.3d at 1239.

In this regard, courts have considered whether the parties have agreed to submit a dispute to a third party for a decision. *AMF Inc.*, 621 F.Supp. at 460. Other courts have considered how closely the procedure chosen resembles "classic arbitration" and whether enforcing it serves the intuited purposes of Congress. *See Fit Tech, Inc.*, 374 F.3d at 6-7; *see also Salt Lake Trib. Publ'g Co., LLC*, 390 F.3d at 689-90. And so, courts have long recognized that, notwithstanding the distinctions between an appraisal under an insurance policy appraisal clause and arbitration, appraisal is analogous or akin to arbitration. *Liberty Mut. Grp., Inc.,* 2012 WL 718857 at *5-6; *see also Aetna Cas. & Sur. Co.*, 293 Md. at 445 A.2d at 20.

In this case, the plain text of the Policy's appraisal provision shows that the parties intended to submit their dispute about the amount of loss at the Property to binding review by a third-party appraiser. ECF No. 19-4 at 41. The appraisal provision in the Policy provides, in relevant part, that:

7

> If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

*Id*. The Court reads this language to indicate that the parties agreed to conduct an appraisal on the written demand of either party. *Id*. The parties also agreed that they would conduct an appraisal in this case. ECF No. 19-1 at 8-9; ECF No. 25 at 3.

The Policy's appraisal provision also makes clear that the parties agreed that the appraisers selected by Travelers and Defendants would select an umpire to resolve any disputes about the appraisal. *Id*. The Policy similarly makes clear that either party may request that the selection of the umpire be made by a court "having jurisdiction" if the parties are unable to agree about the selection of an umpire. *Id*. And so, the Court reads the appraisal provision in the Policy to reflect the parties' intent to conduct an appraisal of the Property and to submit their dispute about the amount of loss at the Property to binding review by a third-party appraiser. Because the Policy reflects that the parties agreed to submit their dispute to a third-party appraiser, the FAA governs this dispute. And so, the Court must dismiss this matter for lack of subject-matter jurisdiction.[1] *Liberty Mut. Grp., Inc.*, 2012 WL 718857 at *5-6 (where this district court held that, while it had subject-matter jurisdiction over the appointment of a neutral umpire after the appraisal process began, it would be inappropriate for the Court to exercise subject matter jurisdiction over pre-appraisal disputes, including challenges to appraisers).

---

[1] An objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh*, 546 U.S. at 506.

### B. Travelers' Challenge To Defendants' Appraisers Is Premature

Dismissal of this matter is also warranted, because Travelers' challenge to the qualifications of Defendants' appraisers is premature.

It is well established that this Court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award. *Crim*, 32 F.Supp.2d at 330 (observing that pre-award challenges to an arbiter's qualifications would open the floodgates to litigation); *Michaels*, 624 F.2d at 414 n.4; *Accord, Florasynth, Inc.*, 750 F.2d at 174; *see also Marc Rich & Co.*, 443 F. Supp. at 387 n.3 (same). [T]he FAA contains no provision expressly granting Courts the authority to remove a party-appointed arbitrator prior to the conclusion of the arbitration. *John Hancock Life Ins. Co. (U.S.A.)*, 2016 WL 3460316, at *3. And so, "absent extraordinary circumstances under which the Court's equitable powers could be invoked, such as overt misconduct on the part of the arbiter, the remedy available to a party who suspects that an arbiter will be impartial is to seek to vacate the award after it is rendered." *Crim,* 32 F. Supp. 2d at 330-31. Travelers identifies no such extraordinary circumstance in this case. *See generally*, ECF Nos. 4; 25; and 26.

Because Travelers seeks a declaration regarding the qualifications of Defendants' appraiser, before the appraisal process has been completed in this case, its claim is premature. *See Crim*, 32 F.Supp.2d at 330. And so, the Court must dismiss this action for lack of subject-matter jurisdiction.

### IV. CONCLUSION

In sum, this appraisal dispute is subject to the FAA and Travelers' challenge to the qualifications of Defendants' appraiser is also pre-mature. And so, for the foregoing reasons, the Court:

(1) **GRANTS** Defendant's motion to compel arbitration (ECF No. 19);

(2) **GRANTS** Defendant's motion to dismiss (ECF No. 20);

(3) **DENIES-as-MOOT** Defendant's motion to disqualify Travelers' named appraiser (ECF No. 37); and

(4) **DISMISSES** the amended complaint.

A separate Order shall issue.

Each party to bear its own costs.

**IT IS SO ORDERED.**

>   s/Lydia Kay Griggsby
>   LYDIA KAY GRIGGSBY
>   United States District Judge